UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| GOLD CREEK CONDOMINIUM-PHASE I ASSOCIATION OF APARMENT OWNERS, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut company; The AETNA CASUALTY AND SURETY COMPANY, a Connecticut Company; TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut company; AETNA CASUALTY AND SURETY COMPANY OF ILLINOIS, a Connecticut Company; TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut company; and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

Plaintiff Gold Creek Condominium-Phase I Association of Apartment Owners ("the Association") alleges as follows:

### I.     INTRODUCTION

1.1   This is an action for declaratory judgment, bad faith, and Consumer Protection Act ("CPA") violations, and money damages seeking:

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CPA VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Defendants St. Paul Fire and Marine Insurance Company, The Aetna Casualty and Surety Company, Travelers Casualty and Surety Company, Aetna Casualty and Surety Company of Illinois, and Travelers Casualty Insurance Company of America (collectively referred to as "Travelers") insurance policies issued to the Association. The Association is seeking a ruling that Travelers' policies provide coverage for the hidden damage at the Gold Creek Condominium complex and that Travelers is liable for money damages for the cost of repairing hidden damage at the Gold Creek Condominium complex.

(B)     Damages for bad faith and violations of the CPA.

(C)     Attorneys' fees (including expert witness fees) and costs.

(D)     Any other relief the Court deems just and equitable.

## II.     PARTIES AND INSURANCE CONTRACTS

2.1     <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Pierce County, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Gold Creek Condominium complex located at 3016 North Narrows Drive, Tacoma, WA 98407. The Association consists of three inter-connected residential buildings and a Clubhouse.

2.2     <u>St. Paul.</u>  St. Paul Fire and Marine Company ("St. Paul") is a Connecticut domiciled insurer with its principal place of business in Hartford, Connecticut.  St. Paul sold property insurance policies to the Association including but not limited to Policy No. IM08400404 in effect from at least October 9, 1992 to October 9, 1995. The Association is seeking coverage under all St. Paul policies issued to the Association. The St. Paul policies identify the Gold Creek Condominium complex as covered property.

2.3     <u>Aetna Casualty.</u> The Aetna Casualty and Surety Company ("Aetna Casualty") issued property policies to the Association. On information and belief Aetna Casualty is a Connecticut domiciled insurer with its principal place of business in Hartford, Connecticut. Aetna Casualty sold

property insurance policies to the Association including but not limited to Policy Nos. 81 CQ 014800 FCA (1987-1988). The Association is seeking coverage under all Aetna Casualty policies issued to the Association. The Aetna Casualty policies identify the Gold Creek Condominium complex as covered property.

2.4     <u>Travelers Casualty.</u>  Travelers Casualty and Surety Company ("Travelers Casualty") is a Connecticut domiciled insurer with its principal place of business in Hartford, Connecticut. Travelers Casualty is the successor in interest to Aetna Casualty and is liable for all damages owed under the Aetna Casualty policy.

2.5     <u>Aetna.</u> Aetna Casualty and Surety Company of Illinois ("Aetna") issued property policies to the Association. On information and belief Aetna is a Connecticut domiciled insurer with its principal place of business in Hartford, Connecticut. Aetna issued property policies to the Association including but not limited to 081 CQ 0021622997 TWI (1991-1992); 081 CQ 0023644421 TWI (1993-1994), 081 CQ 0024378357 TWI (1994-1995); 081 CQ 0025104634 TWI (1995-1996). The Association is seeking coverage under all Aetna policies issued to the Association. The Aetna policies identify the Gold Creek Condominium complex as covered property.

2.6     <u>Travelers Casualty Insurance.</u>  Travelers Casualty Insurance Company of America ("Travelers Casualty Insurance) is a Connecticut domiciled insurer with its principal place of business in Hartford, Connecticut.  Travelers Casualty Insurance is the successor in interest to Aetna and is liable for all damages owed under the Aetna policy.

2.5     <u>Travelers.</u>  Travelers collectively refers to St. Paul, Aetna Casualty, Travelers Casualty, Aetna, and Travelers Casualty Insurance.

2.6     <u>Doe Insurance Companies 1-10.</u>  Doe Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Gold Creek Condominium complex as covered property.

2.7     <u>Gold Creek Insurers</u>.  Travelers and Doe Insurance Companies 1-10 shall be collectively referred to as the "Gold Creek Insurers."

2.8     Gold Creek Policies. The policies issued to the Association by the Gold Creek Insurers shall be collectively referred to as the "Gold Creek Policies."

### III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000 as necessary repairs to the Gold Creek Condominium complex has been estimated by the Association's experts to vastly exceed $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Gold Creek Insurers marketed and sold insurance to the Association in Pierce County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in Pierce County; and the insured condominium building is located in Pierce County.

### IV.     FACTS

4.1     Incorporation by Reference. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     Tender to Travelers.  On March 15, 2019, the Association tendered claims to several of its property insurers including Travelers for hidden damage recently discovered at the Gold Creek Condominium complex.

4.3     Investigation. The Association hired an investigative firm, Soltner Group Architects ("SGA"), to investigate the extent of damage at the Gold Creek Condominium complex. SGA in conjunction with Travelers consultants performed a Joint Intrusive Investigation at the Gold Creek Condominium complex. The Association understands from SGA that the investigation revealed extensive hidden damage to weather resistive barrier, sheathing and framing throughout the property attributable to long term, incremental and progressive water damage. It is the Association's understanding from its experts that the cost to repair the hidden damage at the Portsmith Condominiums exceeds the jurisdictional limit of $75,000

## V. FIRST CLAIM AGAINST THE GOLD CREEK INSURERS FOR DECLARATORY RELIEF THAT THE GOLD CREEK POLICIES PROVIDE COVERAGE

5.1 <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.3, above, as if fully set forth herein.

5.2 <u>Declaratory Relief</u>. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A) The Gold Creek Policies cover the hidden damage to exterior building components including but not limited to exterior sheathing and framing at the Gold Creek Condominiums.

(B) No exclusions, conditions, or limitations bar coverage under the Gold Creek Policies.

(C) The loss or damage to the Gold Creek Condominium complex was incremental and progressive. New damage commenced during each year of the Gold Creek Policies.

(D) As a result, the Gold Creek Policies cover the cost of investigating and repairing the hidden damage to exterior building components including but not limited to exterior sheathing and framing at the Gold Creek Condominium complex. The Gold Creek Policies also cover the cost to investigate the hidden damage at Gold Creek.

## VI. SECOND CLAIM AGAINST TRAVELERS FOR INSURANCE BAD FAITH

6.1 <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2 The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

6.3     Travelers has an obligation to promptly come to a claims determination within 30 days pursuant to WAC 284-30-370. Travelers has breached this duty by failing to come to a coverage determination even though the Association submitted its claim over 2 years ago and has fully cooperated with Travelers' investigation. Travelers also has an obligation to fully disclose the coverage under its policy to the Association. Travelers has breached this duty by failing to acknowledge that: (1) weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Gold Creek Condominium; (2) weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); and (3) that there is coverage under Travelers' policy(s) when damage results from a concurrent combination of rain and inadequate construction.

6.4     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Travelers's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Travelers to provide a reasonable explanation of the relevant facts, law and policy language.
- Which require Travelers to adopt and implement reasonable standards for the prompt investigation of claims.
- Which prohibit Travelers from forcing its insured to initiate litigation to receive policy benefits.

6.5     Travelers's actions and omissions, including but not limited to: Travelers' refusal to extend the tolling agreement; Travelers' failure to come to a prompt coverage determination; and Travelers' failure to acknowledge pertinent coverage under its policy, are unreasonable, unfounded,

and frivolous under the circumstances and constitute a breach of Travelers' duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

## VII. THIRD CLAIM AGAINST TRAVELERS FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

7.1   The Association re-alleges and incorporates by reference paragraphs 1.1 through 6.6, above, as if fully set forth herein.

7.2   Violations of WAC claims handling standards are per se CPA violations. On information and belief, the conduct of Travelers was deceptive, impacted the public, and had the capacity to deceive.  The Association is a consumer.  As a direct and proximate result of Travelers' violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

8.1   <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Gold Creek Policies provide coverage as described herein.

8.2   <u>Money Damages</u>. For money damages in an amount to be proven at trial.

8.3   <u>Attorneys' Fees and Costs of Suit</u>.   For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

8.4   <u>CPA Penalties</u>.  For CPA penalties against Travelers of up to $25,000 per violation.

8.5   <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

### IX. DEMAND FOR JURY TRIAL

9.1  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 12th day of April, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
Jerry H. Stein, WSBA #27721
/s/ *Justin D. Sudweeks*
Justin D. Sudweeks, WSBA #28755
/s/ *Daniel J. Stein*
Daniel J. Stein, WSBA #48739
/s/ *Cortney M . Feniello*
Cortney M. Feniello, WSBA #57352
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jstein@condodefects.com
justin@condodefects.com
dstein@condodefects.com
cfeniello@condodefects.com
Telephone: (206) 388-0660

*Attorneys for Plaintiff*